ZIMMERMAN v. CHICAGO GREAT
WESTERN R. CO.
Nos. 10164, 10231.

United States Court of Appeals,
Seventh Circuit.
Nov. 16, 1950.

Rehearing Denied Dec. 7, 1950.
Writ of Certiorari Denied Feb. 26, 1951.

Bryce L. Hamilton, Edward J. Wendrow, George B. Christensen, Harold A. Smith, all of Chicago, Ill. (Winston, Strawn, Shaw & Black, Chicago, Ill., of counsel), for appellant.

James A. Sprowl, Max Swiren, Ben W. Heineman, Louis Linton Dent and Leo T. Norville, all of Chicago, Ill., Sidney Harris, Charles Sylvester, and Sidney G. Kingsley, all of New York City, Alex Elson, Eugene Cotton, Chicago Ill., Joseph A. Ruskay, New York City, and Hubert H. Nexon, Chicago, Ill., for plaintiffs-appellees Jacob B. Zimmerman, et al.

Kenneth F. Burgess, George Ragland, Jr. and Walter J. Cummings, Jr., all of Chicago, Ill., and Arthur R. Seder, Jr., Chicago, Ill., (Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel), for the Committee.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

PER CURIAM.

In view of our conclusions we think it unnecessary to discuss the facts other than very briefly.

The appeals are from interlocutory orders directing defendant Railway Company, in advance of trial upon the merits, to deposit a part of a dividend declared upon preferred stock of defendant into court to be there held until final decision in the case, as security for fees and allowances to plaintiffs' counsel, if and when the court finds that such allowances are proper. That contingency will depend, in turn, upon whether the court finds that plaintiffs have proved their case and have shown that they represent a class in such manner and to such extent as to make of this a true class action.

■ Plaintiffs make no claim that defendant Railway Company is insolvent or for any reason unable to meet its obligations as they mature. There is no fund in court except by virtue of an order impounding certain of the company's moneys owed by it to the preferred stockholders. Whether this is a true class action has not yet been and can not be determined until after production of evidence upon the merits. It seems clear to us, therefore, that the orders were unjustified prior to determination of the merits, and that, before such event occurs, any such order is wholly premature and unsupported in law.

■ Whether, after determination of the merits, such an order will be proper is not in issue before us. Likewise whether the District Court, when it shall have determined the merits, may properly enjoin the Railway Company from paying all the dividends to preferred stockholders or order it to pay a sum certain from those dividends into court to satisfy court allowance for fees and expenses are questions not yet ripe for decision. We hold only that, on the record before us, the orders were erroneous because premature.

Orders reversed.